IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BAKER CABIN HISTORIC SOCIETY,    )
    )
    Plaintiff,    )    TC-MD 110929D
    )
    v.    )
    )
CLACKAMAS COUNTY ASSESSOR,    )
    )
    Defendant.    )    **DECISION**

Plaintiff appeals Defendant's denial of its property tax exemption application for the 2010-11 tax year. The parties filed cross-motions for summary judgment. There is no factual dispute. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiff is a nonprofit organization, operating on "a three acre [] historic site in Clackamas County near Oregon City where artifacts and several historic buildings are maintained by volunteers for the use of the public for enjoyment and education." (Ptf's Stip Fact at 1, 2.) The parties agree that in March, 2000, Plaintiff "filed an application with the [Defendant] claiming entitlement to a property tax exemption pursuant to Oregon Revised Statutes (ORS) 307.115." (Def's Stip Facts at 2; Ptf's Stip Facts at 22(b).) The parties agree that Plaintiff was "notified by letter dated July 12, 2000 that the [property tax] exemption had been approved by the Board of County Commissioners beginning with the 2000-2001 tax year, and that the exemption would expire on June 30, 2010." (Def's Stip Facts at 3; *see* Ptf's Stip Facts at 8, 10, Attach 1.) The following information appeared in that letter:

> "Application for renewal of tax exemption may be made no later than April 1 during the year following the last year of exemption (April 1, 2010), to be reviewed by the Board of Commissioners."

/ / /

(*Id.*)  The parties agree that Plaintiff did not file an application for renewal by April 1, 2010, for the 2010-11 tax year.  (*See* Ptf's Stip Facts at 10; Def's Stip Facts at 11.)

Plaintiff alleges three arguments in support of its request that the subject property be granted property tax exemption.  First, Plaintiff alleges that because its exemption expired in 2010, stating:

> "[T]he ORS [307.115(4)(e)] filing deadline of '**April 1 *of the year following the 10th year of exemption*'** would extend the deadline to April 1, **2011**.  The [Plaintiff] filed [its] application on 2-26-2011 before the April 1, 2011 deadline.
>
> "However, the above is contradictory to deadlines found in 'Claiming Exemptions' ORS 307.162-(1) which states '*the institution or organization entitled to claim the exemption must file a claim with the county assessor, **on or before April 1 preceding the tax year** for which the exemption is claimed*.  This deadline is confusing as it is a full year prior to the other deadline."

(Ptf's Stip Facts at 10.) (Emphasis in original.)  Defendant responded, stating that because Plaintiff failed to file its "application for 2010-2011 * * * on or before December 31, 2010 or within 60 days of the tax notice, as required by ORS 307.162(2), * * * [u]nder Oregon law, a property tax exemption cannot be granted if a required application is not filed."[1]  (Def's Stip Facts at 11, 13.)

Second, Plaintiff alleges that because it never received "a Tax Statement" that Defendant states "was mailed in November 2010[;] 'Due Process' requires that tax payers be notified in advance of charges being levied, and the [Plaintiff] found itself surprised and prejudiced by this tax assessment" that arrived in February 2011.  (Ptf's Stip Facts at 15, 22.)  In response, Defendant states that "[i]n accordance with Oregon law, a property tax statement for 2010-2011 was mailed by October 25, 2010, and it was not returned by the United States Postal Service as undeliverable mail."  (Def's Stip Facts at 7 and Olsen Dec at 1; *see* Ptf's Ex 6.)  Defendant

---

[1] The court notes that Defendant incorrectly quoted from the 2011 edition of the Oregon Revised Statutes.

continues, stating that "[t]hough the [Plaitniff's] bookkeeper states the statement was not received * * *, the statement is not invalidated under ORS law under ORS 311.205(2). [Plaintiff's] Exhibit 6 also appears to contradict non-receipt." (Def's Stip Facts at 8.)

Third, Plaintiff alleges that:

"Given that in the last 10 year period of exemption, it appears that the [Defendant] and State have contradictions in law, and have made significant changes to both their process of notification, and possibly to the deadlines of applications. The [Plaintiff] argues that these facts allow the Court the authority to grant extensions of time by re-defining the [Plaintiff] as a hybrid 'First Time Filer' and apply section 307.162.2.(B) * * *. The [Plaintiff] does not satisfy section (A) [of ORS 307.162.2(A)] but does satisfy section (B)" and "we assert that the lack of notification should be reasonably considered 'good and sufficient cause' by the argument that 'no notice' constitutes misleading information."

(Ptf's Stip Facts at 23.) Defendant responded, stating that "[t]he [Plaintiff] is not a first-time filer or public entity under ORS 307.162" and "plaintiff does not qualify for a good cause exception under ORS 307.162(2), and cannot file late under ORS 307.162(2)(b)(A)." (Def's Cross Mot and Memo for Summ J at 2-3, Stip Facts at 11.)

## II. ANALYSIS

The parties agree that Plaintiff, a non-profit organization that operates real property "actually and exclusively occupied or used for public park or public recreation purposes," applied for and was granted a property tax exemption for a ten year period, beginning July 2000 and ending June 30, 2009. *See* ORS 307.115(1)(a), (e) (1999). ORS 307.115(4)(e)[2] states in pertinent part that an exemption "may be renewed by the granting authority for additional periods of 10 years each at the expiration of the preceding period, upon the filing of a new application by the corporation with the county assessor on or before April 1 of the year following the 10th year of exemption." The tenth year of Plaintiff's exemption was 2009-10. The year

_____
[2] All references to the Oregon Revised Statutes (ORS) are to the 2009 year unless otherwise stated.

following the 10th year of exemption was 2010. Plaintiff's application was due no later than April 1, 2010. Plaintiff was advised of the date to file its renewal application at the time it was granted the property tax exemption in 2000. Unfortunately, Plaintiff failed to file its renewal application until February 2011.

Having failed to file a timely renewal application, Plaintiff seeks relief, looking to ORS 307.162. Plaintiff alleges that the deadline in ORS 307.115(4) "is contradictory to deadlines found in 'Claiming Exemptions' ORS 307.162-(1)[.]" (Ptf's Stip Facts at 10.) Both statutes require that a property tax exemption application be filed "on or before April 1 preceding the tax year for which the exemption is claimed." ORS 307.162(1)(a). "Tax year" is defined as "a period of 12 months beginning on July 1." ORS 308.007(c). In the case before the court, Plaintiff's renewal application was due no later than April 1, 2010, a date "preceding the tax year," a twelve month period beginning July 1, 2010, and ending June 20, 2011, for which Plaintiff was seeking to renew its property tax exemption for another ten years. After reading the statute, Plaintiff mistakenly concluded that the deadline was April 1, 2011. April 1, 2011, is the deadline for the 2011-12 tax year. When Plaintiff filed its application in February, 2011, it had missed the application deadline by more than ten months.

Plaintiff alleges that its untimely application should be accepted because it did not receive "notice" that the subject property was no longer exempt. This court recently concluded that "the assessor is permitted to alter position as to exemption * * * without notice to the property owner prior to the issuance of the tax statement. Then, of course, the statutes provide ways for the adversely affected owner to challenge the decision of the assessor. * * * ORS 305.275." *Multnomah County Assessor v. Portland Development Comm'n*, TC No 5008, WL 5925128 at *2 (Nov 29, 2011). A property tax statement is sufficient notice.

ORS 311.250(1) states in pertinent part that "the tax collector shall deliver or mail to each person (as defined in ORS 311.605) shown on the tax roll as an owner of real or personal property * * * a written statement of property taxes payable on the following November." Plaintiff alleges that it did not receive a 2010-11 property tax statement but did receive the reminder notice. (Ptf's Stip Facts at 18, 22(j).) Defendant attached a copy of the 2010-11 real property tax statement to its Cross Motion and Memorandum for Summary Judgment, stating that the tax statement and the subsequent 2010-11 Clackamas County Property Tax Reminder were sent to the same address and neither of those documents was returned to Defendant as "undeliverable mail." (Def's Stip Facts at 7; Olsen Dec, Ex 1, 2.) ORS 311.250(2) clearly states that a taxpayer's failure to receive the statement "shall not invalidate any assessment, levy, tax, or proceeding to collect tax." Even if Plaintiff failed to receive the property tax statement, the assessment is not invalidated.

Plaintiff admits that its renewal application was not filed timely but requests that the court conclude it had "good and sufficient" cause or in the alternative meets one of the two statutory requirements of a "First Time Filer" under ORS 307.162(2)(a)(B). ORS 307.162(2) states in pertinent part:

> "(a) Notwithstanding subsection (1) of this section, a claim may be filed under this section:
>
> "* * *.
>
> "(B) On or before April 1 of the tax year for which the exemption is claimed, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090.
>
> "(b) If the claim is not accompanied by the late filing fee or if the late filing fee is not otherwise paid, an exemption may not be allowed for the tax year sought by the claim filed pursuant to this subsection. * * *."

/ / /

Plaintiff fails to meet the statutory requirements of ORS 307.162(2)(a)(B) or (b). Neither party stipulates that Plaintiff paid the late filing fee. If Plaintiff failed to pay the late filing fee, then "an exemption may not be allowed for the tax year sought by the claim filed pursuant to this subsection." ORS 307.162(2)(b).

Notwithstanding that Plaintiff may not have met the late filing fee requirement, Plaintiff does not meet the statutory requirements of a "first-time filer." A " 'first-time filer' means a claimant that:

> "(A) Has never filed a claim for the property that is subject of the current claim; and
>
> "(B) Did not receive notice from the county assessor on or before December 1 of the tax year for which exemption is claimed regarding the potential property tax liability of the property."

ORS 307.162(3)(a). ORS 307.162(3)(a) requires that a first time filer meet both requirements because the words of the statute are joined by "and." The parties stipulate that Plaintiff filed and received property tax exemption for the subject property. Plaintiff is not a "first-time filer."

Plaintiff alleges that it had "good and sufficient cause for failing to file a timely claim" under ORS 307.162(2)(a)(B). Plaintiff asserts "that the lack of notification should be reasonably considered 'good and sufficient' by the argument that 'no notice' constitutes misleading information. * * * This is further supported by the series of annual documents which do not provide any expiration date information and are hence also misleading through omission of critical information." (Ptf's Stip Facts at 23.) Plaintiff was given notice that the property tax exemption would expire in June 30, 2010, and that a renewal application was required to be made no later than April 1, 2010. (Ptf's Stip Facts Attach 1.) Plaintiff had ample notice but unfortunately failed to file a timely application.

/ / /

### III. CONCLUSION

After careful review of the facts and applicable law, the court finds that the unfortunate consequence of Plaintiff's failure to file a timely renewal application is disqualification of the subject property from exemption for the 2010-11 tax year. Plaintiff's Motion for Summary Judgment is denied. Defendant's cross-motion for summary judgment is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of June 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on June 7, 2012. The Court filed and entered this document on June 7, 2012.*